966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Robert E. LECUREUX, et al., Defendants-Appellees.
 No. 92-1032.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Carlos A. Williams, pro se, appeals the district court's order granting the defendants' motion for summary judgment and dismissing this complaint filed under 42 U.S.C. § 1983. The defendants include the warden and several other employees of the Kinross Correctional Facility, who were all employed at that facility in Kincheloe, Michigan, at the time of the alleged incident. Williams also moves for counsel, on appeal.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William's lengthy complaint contains numerous allegations, which can be summarized as follows: 1) defendant Stelmaszek, a resident unit manager, interfered with the appellant's ability to pursue college courses and training; 2) the staff psychologist made erroneous and false entries on the appellant's mental health record; 3) several correctional officers at the facility singled him out for purposes of harassing him, by conducting cell shakedowns, disrupting his possessions within the cell, fabricating misconduct reports and subjecting him to a humiliating strip search in the presence of a female officer; 4) supervisory officers allowed this harassing conduct to continue, without directing it to cease; 5) Williams was transferred, on the basis of this harassing conduct, to certain units in the prison which, in his opinion, subjected him to deplorable living conditions; 6) the post misconduct hearings were "sham" and did not offer him sufficient due process; and 7) the facility's policies interfered with his ability to appeal his grievances, as he was unable to afford postage to mail the appeals to the proper authorities in Lansing, Michigan.
 
 
 4
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 A party moving for summary judgment must meet an initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. This burden may be met by showing that, having had the sufficient opportunity for discovery, the non-moving party has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). One of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 6
 The magistrate judge's 22-page report and recommendation leaves nothing to be expounded upon, on appeal to this court. Accordingly, for the reasons set forth by the magistrate judge in his report and recommendation dated November 8, 1991, as adopted by the district court in its entirety, the district court's order dismissing this complaint is hereby affirmed, and the appellant's motion for counsel is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.